### 6329.  SMITH *v.* THE STATE.

A bill of exceptions in which it is duly certified that a motion for a new trial came on to be heard in a designated case in which the defendant had been convicted of a specified offense, and in which exception is taken to the judgment overruling that motion, and to a judgment overruling a demurrer to the accusation, and to the court's refusal to give certain instructions which were requested, will not present for review a judgment overruling a demurrer and a motion for a new trial upon an accusation charging an offense of an entirely different name and nature. There is no provision of law clothing a court of review in this State with jurisdiction to test the merits of a trial of a case not mentioned in the bill of exceptions, or to consider a transcript of the record in a different case from that in which the trial judge has ordered the record to be transmitted to the appellate court. Consequently, where a trial judge certifies that he overruled a motion for a new trial in a case in which the defendant "was convicted for the illegal sale of whisky," and orders the record in that case to be transmitted to the Court of Appeals, this court can not consider a transcript of a record showing a conviction of the defendant upon an accusation charging the unlawful sale of his landlord's crops, in violation of section 721 of the code.

DECIDED JANUARY 20, 1916.

Accusation of misdemeanor; from city court of Dublin—Judge Hicks.  January 12, 1915.

*Hal B. Wimberly,* for plaintiff in error.

*S. P. New, solicitor,* contra.

RUSSELL, C. J.  This record presents a peculiar condition. The bill of exceptions begins with the statement that "on the 12th day of January, 1915, before his honor Judge James B. Hicks, there came on to be tried the case of the State of Georgia *vs.* Charlie Smith, the same being a motion for new trial for the defendant who was convicted for the illegal sale of whisky in the city court of Dublin at the December term, 1914." It is thereinafter stated that "said motion" was submitted without argument, and that the judge "after considering said motion on all the grounds, both original and as amended, and the evidence produced on the trial of said

defendant, and the charge of the court as delivered in said case, overruled said motion on all the grounds, both original and as amended." Proper formal exception is taken to. the judgment of the court overruling "said motion" for new trial, as well as to the overruling of a demurrer and to the court's refusal to "give the written request to charge" "on the trial of said case." The material parts of the record were specified in the bill of exceptions, and the trial judge in his certificate duly verified the statements of the bill of exceptions, and ordered to be transmitted to this court "such parts of the record as are in said bill of exceptions specified." The clerk duly transmitted to this court, with this bill of exceptions, the transcript of a record including an original accusation and a demurrer thereto, exceptions pendente lite, an approved brief of the evidence, the charge of the court, and a motion for new trial, in a case in which it appeared that the defendant had been convicted of a violation of section 721 of the Penal Code, which prohibits a tenant from selling any part of his crop under certain circumstances, and that his motion for a new trial was overruled.

In view of the probability that the defendant might have been tried in two cases, in one of which the unlawful sale of crops was charged, and in the other the illegal sale of whisky, and that the wrong record was transmitted by the clerk of the lower court, this court ordered that the record in the case relating to the illegal sale of whisky against the defendant, as specified in the bill of exceptions, be transmitted, and in response to this order the clerk of the trial court certifies under seal that there was no such case of record in the city court of Dublin.

It is therefore apparent that this court has before it a bill of exceptions complaining of error in a trial in a case which can not be considered without the record, and in which no record has been transmitted as required by law, or it has before it a case which in fact never existed, or this court is required to assume jurisdiction of a case as developed by the record, when no bill of exceptions has been certified which identifies that case as a case in which the trial judge overruled the demurrer and the motion for a new trial. We bear in mind the provision of section 6183 of the Civil Code, and the writer has more than once held that if there is enough in the bill of exceptions or in the transcript of the record, or in both taken together, to enable this court to see the point which the ex-

cepting party seeks to have adjudicated, the point should be decided and the bill of exceptions should not be dismissed. However, that is not the question here presented, because this court has no jurisdiction of any case except where jurisdiction is conferred by a bill of exceptions. To reconcile conflicts or remove ambiguities and to ascertain the real point to be decided in a case where the same case and it alone is mentioned in both the bill of exceptions and the record is quite a different thing from attempting to decide a case which is not brought before us by the bill of exceptions. It matters not that the statement in the bill of exceptions that the defendant was convicted of the illegal sale of whisky, and that his motion to set aside that conviction was overruled, may have been due to the mistake of a scrivener and to the oversight of the learned counsel for plaintiff in error. Regardless of the cause, the fact is the same,— jurisdiction is conferred upon this court only as to a case in which the defendant was charged with the illegal sale of whisky; and since it appears that the record, which is an absolutely essential prerequisite to the determination of the merits, is not in existence and has never existed, there is no complaint before this court, and the writ of error must be dismissed. Any other rule would, to say the least of it, encourage the utmost carelessness on the part of counsel bringing cases to this court. Viewing it in a broader light, the importance of the certificate of the trial judge would be greatly diminished and the conclusive presumption of verity which attaches to his certificate could be disregarded if a bill of exceptions in one case could be stretched so as to include another case. If so, should one be convicted in the same court of the voluntary manslaughter of a man and in another case of an assault with intent to rape upon a woman, and move for a new trial in both cases, but obtain a bill of exceptions in only one, he could, by not completing the record in one of the cases, shift the record in the case which he desired to pursue in the lower court, to fit the bill of exceptions which he had sued out in the other case, and could demand to be heard upon the case of assault with intent to rape, although his bill of exceptions complained of the judgment overruling the motion for a new trial in the case in which he was convicted of voluntary manslaughter.            *Writ of error dismissed.*